Eunice Justice, plaintiff-appellant, appeals a June 2, 1998 judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of Nationwide Insurance Company ("Nationwide"), defendant-appellee. We affirm.
Deborah K. Hurley is the owner of various properties, including 780 Miller Avenue and 1299 Forsythe Avenue, Columbus, Ohio. Ms. Hurley was the sole insured named on an insurance contract with Nationwide insuring these properties. Appellant alleged in her complaint that on November 3, 1995, the Columbus City Code Enforcement gave her an emergency order to make repairs at the property located at 1299 and 1299 1/2 Forsythe Avenue. Although appellant is not the owner or manager of the property, she went to the basement of 1299 Forsythe Avenue and discovered that some screws had been removed from the hot water tanks. Suspecting that the tenant at 1299 1/2 Forsythe Avenue had removed the screws, appellant and a maintenance man went to the tenant's apartment. Appellant alleges that the tenant attacked her and that she sustained injuries as a result of the attack. Appellant brought a suit against the tenant for nonpayment of rent, violations of the lease agreement, injuries as a result of the attack, and destruction of property. Appellant alleges in her complaint that Nationwide then refused to compensate her for her injuries, forced her to settle her case against the tenant, and then cancelled the insurance policy on the property.
On November 1, 1996, appellant filed a complaint alleging that Nationwide conspired with others to cause her injury and that Nationwide breached an insurance contract with her. Nationwide filed its answer on December 5, 1996, denying appellant's allegations. On August 22, 1997, Nationwide propounded upon appellant its first set of interrogatories and request for production of documents. On September 10, 1997, appellant filed a motion for protective order, claiming that she could not respond to the discovery request due to her physical condition and that the request was submitted only to harass her. On October 17, 1997, appellant's motion for protective order was denied. On December 17, 1997, Nationwide filed a motion to compel appellant to respond to its discovery requests.
On January 16, 1998, Nationwide filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and Civ.R. 41(B)(1). Nationwide moved to dismiss appellant's complaint for failure to set forth a claim upon which relief may be granted, for failure to comply with the court's order denying appellant's motion for a protective order, and for failure to prosecute the action. Appellant filed no responsive pleading. On May 14, 1998, the trial court issued a decision granting Nationwide's motion to dismiss based on Civ.R. 12(B)(6), finding that: (1) the factual allegations contained in paragraphs one through ten of appellant's complaint were insufficient as a matter of law to entitle her to recovery; (2) the sole named insured on the Nationwide insurance policy was Deborah K. Hurley; and (3) appellant was not the real party in interest to assert her causes of action for breach of contract and nonpayment of rent. On June 2, 1998, the trial court entered judgment granting Nationwide's motion for dismissal of appellant's complaint. Appellant appeals this judgment.
Appellant asserts the following five assignments of error:
ASSIGNMENT OF ERROR NO. 1.
 The Court Erred in His Ruling on Oct. [sic] 17, 1997 saying: "Having Been Fully Advised,
the Court Finds No Cause to Believe the Defendant Has Propounded Its Discovery in an Attempt to Maliciously Harass the Plaintiff. Accordingly, the Plaintiff's Motion for a Protective Order is DENIED."
 ASSIGNMENT OF ERROR NO. 2.
 The Court Erred in His Ruling in That He Ruled Under the Influence of Bias, Prejudice, and Confusion.
 ASSIGNMENT OF ERROR NO. 3.
 The Court Erred in His Ruling Because He Did Not Recognize or Take into Consideration the Fact That Defendant Had Committed FRAUD.
 ASSIGNMENT OF ERROR NO. 4.
 The Court Erred in Ruling against Plaintiff when Defendant, Nationwide[,] BREACHED their [sic] CONTRACT.
 ASSIGNMENT OF ERROR NO. 5 [.]
 The Court Errored [sic] in Denying Plaintiff a JURY TRIAL.
In her first assignment of error, appellant argues that in denying her motion for a protective order, the trial court improperly took the advice of others in rendering its decision and failed to give notice that it was consulting with a disinterested expert. Appellant points to the following language in the court's October 17, 1997 journal entry to suggest that the court consulted with an outside source in rendering its decision:
 Having been fully advised, the court finds no cause to believe the defendant has propounded its discovery in an attempt to maliciously harass the plaintiff. * * * [Emphasis added.]
Appellant misconstrues the language of the trial court's journal entry. The phrase "Having been fully advised" is a common term used by judges to express that they have read each party's pleadings on the issue, reviewed all evidence, and taken any oral arguments by both parties into consideration in rendering the decision. Appellant presents no further evidence that the trial court improperly took the advice of any outside parties. Therefore, appellant's first assignment of error is overruled.
Appellant argues in her second assignment of error that the trial court was biased and prejudiced in granting Nationwide an extension of time and denying her motion for protective order. It is well established that "a trial judge is presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity." Okocha v. Fehrenbacher (1995), 101 Ohio App.3d 309,322.
Appellant argues that the trial court ignored the rules of court and was biased in granting Nationwide a thirty-day extension to file its list of witnesses. However, the granting or denying of a request for an extension of time is within the discretion of the trial court. It is well established that an abuse of discretion is an action which is arbitrary, capricious, and unreasonable. Sandusky Properties v. Aveni
(1984), 15 Ohio St.3d 273. In its motion for extension of time to disclose witnesses, counsel for Nationwide informed the trial court that due to the recent transfer of the case from corporate counsel to outside counsel, it had not had sufficient time to identify relevant witnesses. Appellant has failed to demonstrate bias by the trial court, and we find no abuse of discretion or bias in the trial court's granting of Nationwide's motion for an extension of time.
Appellant also asserts that the trial court's denial of her motion for protective order demonstrates bias and prejudice. Appellant argues that Nationwide submitted its discovery requests on August 22, 1997, which she claims was after the court-imposed discovery deadline of March 21, 1997, and that Nationwide filed the requests late in an attempt to maliciously harass her. However, the record reveals that the discovery cut-off date was August 22, 1997, the same date that Nationwide submitted the discovery requests. In denying appellant's motion for protective order, the trial court found that it had no cause to believe that the discovery was propounded in an attempt to maliciously harass appellant. The only support that appellant presents for her allegation that the trial court was prejudiced is the court's ruling. Although appellant may not agree with the trial court's ruling, a "judge's rulings of law are legal issues subject to appeal, and are not by themselves evidence of bias or prejudice." Okocha, at 322, following In reDisqualification of Corts (1988), 47 Ohio St.3d 601. We can find nothing to suggest that the timely-filed discovery requests were submitted to appellant to harass her or that the trial court was biased in its denial of appellant's motion for protective order.
After reviewing the entire record and the arguments of both parties, we find that the trial court did not err in granting Nationwide an extension of time or in denying appellant's motion for protective order, and that neither ruling was made under the influence of bias, prejudice, or confusion. Therefore, appellant's second assignment of error is overruled.
Appellant's third and fourth assignments of error will be addressed together because they both relate to the trial court's granting of Nationwide's motion to dismiss. Appellant argues in her third assignment of error that the trial court erred in dismissing her complaint because it did not recognize or take into consideration the fact that Nationwide had committed fraud. Appellant asserts in her fourth assignment of error that the trial court erred in dismissing her complaint because Nationwide breached its contract.
The trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(6). Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v. Miami ValleyMaintenance Contrs., Inc. (1990), 49 Ohio St.3d 228, 229. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs. (1992), 65 Ohio St.3d 545, 548. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Hanson, supra. Under a denovo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56,60. It is based upon this standard that we review appellant's third and fourth assignments of error.
In her complaint, appellant claims that Nationwide committed fraud by not paying for her injuries as a result of an attack by a tenant at 1299 1/2 Forsythe Avenue and in the settlement of a claim after a fire at a property located at 780 Miller Avenue. Appellant avers in her complaint that Nationwide breached its insurance contract by not providing her an attorney, by canceling the insurance policy on the certain rental property, by forcing a settlement in a landlord/tenant action, and by not paying for damage caused by a tenant at 1299 1/2 Forsythe Avenue. In essence, all of these claims depend upon a finding that appellant was a party to the insurance contract issued by Nationwide and, therefore, may recover under such contract for her alleged claims.
In dismissing appellant's complaint, the trial court found that appellant was not the real party in interest to assert the claims against Nationwide that she presented in her complaint. We agree. Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio. Grant Thornton v. Windsor House, Inc. (1991), 57 Ohio St.3d 158,161, certiorari denied, 502 U.S. 822, 112 S.Ct. 84. "It is well established that a contract is binding only upon the parties to the contract and those in privity with them and that an action for breach of contract can only be maintained by the parties to the contract or those deriving rights from the contracting parties." Am. Rock Mechanics, Inc. v. ThermexEnergy Corp. (1992), 80 Ohio App.3d 53, 58.
Appellant was not a party to said agreement, and there is no evidence that the agreement was intended to benefit appellant in any way, making her a third-party beneficiary under the contract. Appellant admitted in her complaint that she is neither an owner nor a manager of the property and that Deborah K. Hurley is the owner of the property. Further, the sole named insured on the insurance contract attached to appellant's complaint is Deborah K. Hurley. Consequently, appellant has no standing to claim any rights under the insurance contract. The court did not err in finding that appellant was not the real party in interest to assert contractual rights under the insurance contract issued by Nationwide. Therefore, appellant's third and fourth assignments of error are overruled.
Appellant claims in her fifth assignment of error that the trial court erred in denying her a jury trial. However, any right to trial by jury is rendered moot by a dismissal under Civ.R. 12(B)(6). Sturgill v. Village of Lockbourne (Oct. 28, 1997), Franklin App. No. 97APE01-139, unreported (1997 Opinions 4388, 4398), citing Winkle v. Southdown, Inc. (Sept. 3, 1993), Greene App. No. 92-CA-107, unreported. In Winkle, the court stated:
 The trial court does not deprive a plaintiff of a right to a jury trial before the plaintiff is legally in court pursuant to a petition properly stating a cause of action as the same is defined and set forth under the laws of Ohio and the Constitution of the United States.
Winkle, supra.
Appellant was not deprived of her right to a jury trial because her complaint failed to properly state a claim for relief under the laws of Ohio and the United States Constitution. See Sturgill, supra. Therefore, appellant's fifth assignment of error is overruled.
Accordingly, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and PETREE, JJ., concur.